UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CR-0022-CVE |
| | ) | |
| JASON RAMONT PERKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is the Motion to Suppress and Brief in Support (Dkt. # 48) filed by defendant Jason Ramont Perkins ("Perkins"). An evidentiary hearing on the motion was held on June 6, 2005.

This is a three-defendant criminal case in which defendant Perkins is charged with conspiracy to sell and possess stolen firearms and overt acts, possession of firearms and ammunition after former conviction of a felony, and possession of stolen firearms. In connection with the investigation of this alleged conspiracy, as well as in connection with an investigation of drug activity, a search warrant was issued and executed by state officials at the residence located at 1210 S. 73rd E. Ave., Tulsa, Oklahoma in the early morning hours of July 30, 2004. Defendant Perkins seeks to suppress evidence obtained through the execution of this warrant.

**I.**

On July 29, 2004, Tulsa Police Officer Jeff Henderson prepared an affidavit for a search warrant for a residence at 1210 S. 73rd E. Ave., Tulsa, Oklahoma, specifically requesting nighttime service. The affidavit was based on information gathered from a reliable confidential informant ("RCI") with supporting investigation by Officer Henderson. It recited that: (1) RCI had given Officer Henderson and other law enforcement agencies information more than seven times in the

past; (2) all subjects arrested on the basis of such information were successfully charged with narcotics violations; (3) RCI was never untrue or misleading; (4) the information provided by RCI was current and vital on several narcotics investigations; (5) RCI had knowledge of narcotics trafficking; (6) RCI reported having been to the residence described in the affidavit and seen a black male, referred to in the affidavit as "John Doe," selling cocaine out of the residence; (7) RCI pointed out the residence to police; (8) RCI saw cocaine packaged for sale at the residence; (9) RCI saw "John Doe" conduct drug transactions from the residence; (10) RCI described cocaine and was certain it was cocaine; (11) "John Doe" told RCI that he only sells cocaine after 10 p.m.; (12) RCI told affiant "cocaine is at the residence now" leading affiant to believe that if warrant is not issued, it will likely be sold or moved; (13) Officer Henderson and other officers observed short term traffic to and from the residence at different times between 10 p.m. to 6 a.m. which indicates drug sales occurring at night; (13) individuals who distribute drugs are selling them after 10 p.m. because they know the majority of warrants are served between 6 a.m. and 10 p.m.; (17) Officer Henderson was positive that illegal narcotics would be found between 10 p.m. and 6 a.m.

  A Tulsa County District Court judge signed the warrant for a search of the residence at 1210 S. 73rd E. Ave. at 10:44 p.m. on July 29, 2004. The warrant authorized nighttime service, and was executed at approximately 1:39 a.m. on July 30, 2004. Police found no crack cocaine or evidence of drug sales, but they did recover a small amount of marijuana and a chrome .38 pistol. Defendant Perkins was arrested as he walked toward the house. At the time of his arrest, he was in possession of a small amount of marijuana and two .38 cartridges.

  There is no evidence that Officer Henderson, or any other officers involved, acted other than in good faith in the preparation of the affidavit and execution of the warrant.

## II.

Perkins seeks suppression of the firearm and ammunition seized by officers in the execution of the warrant and subsequent arrest of his person in the early morning of July 30, 2004, arguing that Officer Henderson intentionally, or with reckless disregard for the truth, included false statements in the affidavit in support of the search warrant, and that without such statements, there would be insufficient probable cause for a nighttime search.

Under Okla. Stat. tit. 22, § 1230, search warrants for occupied dwellings must be served only between 6 a.m. and 10 p.m. unless a judge finds the existence of at least one of the following circumstances: (1) the evidence is located on the premises only between 10 p.m. and 6 a.m.; (2) the search is a crime scene search; or (3) the affidavit is positive (a) that the property is on the person or in the place to be searched and (b) the judge finds there is a likelihood that the property named in the warrant will be destroyed, moved, or concealed, in which case the judge "may insert a direction that the warrant be served at any time of the day or night." Federal law also contains a presumption for daytime service but requires simply that the judge find "good cause" expressly to authorize execution at night. Fed. R. Crim. P. 41(e)(2)(B).

In this case, the affidavit supporting the warrant, as written, meets the third test under the more specific requirements of Oklahoma law for nighttime service of warrants: (1) the affidavit is positive that the property is in the place to be searched between the hours of 10 p.m. and 6 a.m. and (2) the judge, based on the recitations in the affidavit, reasonably and logically found that there was likelihood that the property named in the warrant would be destroyed, moved, or concealed had the warrant not authorized nighttime service.

However, Perkins alleges that Officer Henderson "recklessly disregarded the truth when he said that he and other officers and observed short term traffic . . . between the hours of 10 p.m. and 6 a.m." and when he stated that the informant indicated the cocaine was currently in the residence. He supports these allegations by reasoning that because the timeline revealed by police reports indicates that the focus on Perkins (or "J.P.") did not begin until July 29, 2004 and the warrant was not signed until 10:44 p.m. that night, any observation by either police (of traffic) or the informant (to confirm the presence of cocaine) would have to have taken place within only 44 minutes (assuming it took no time to contact the issuing judge and for that judge to read the affidavit and warrant before signing them).[1]

Where a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in a warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires a hearing be held at defendant's request. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). If the hearing bears out defendant's claims, the warrant must be voided and fruits of the search excluded to the same extent as if probable cause were lacking on the face of the warrant. Id. at 156. However, the Supreme Court has clarified that a misstatement in an affidavit that is merely the result of simple negligence or inadvertence, as opposed to reckless disregard for the truth, does not invalidate a warrant, as long as there would otherwise be sufficient probable cause. Id. at 171-172.

---

[1] The Court notes that, at the hearing, Perkins' counsel also took issue with the statement that police had observed traffic between the hours of 10 p.m. and 6 a.m. when Officer Henderson was there between 10 p.m. and approximately 12 a.m. but not between 12 a.m. and 6 a.m., and finds that, rather than intentionally misrepresenting the hours of his surveillance, Officer Henderson was making a general distinction between daytime and nighttime surveillance.

At the hearing, Officer Henderson clarified that he had surveilled the residence in question both between 10 p.m. and 12 a.m. on July 28 into 29, 2004, and from 9 p.m. until after 10 p.m. on July 29, 2004. He also clarified that the informant had given general information regarding cocaine sales at the house prior to July 28, 2004, had confirmed that information on July 28, 2004, and was present in the house again to reconfirm it between 9 p.m. and just after 10 p.m. on July 29, 2004. Accordingly, the Court finds no evidence of any intentionally or recklessly false statements being included in the affidavit. For this reason, defendant Perkins' motion to suppress must be denied.[2]

### III.

**IT IS THEREFORE ORDERED** that the motion to suppress filed by defendant Perkins (Dkt. # 48) should be and is hereby **denied**.

**DATED** this 16th day of June, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] The government also argues that even if there had been no probable cause for the warrant without the statements concerning police corroboration of the informant's information and the timing of the informant's sighting of cocaine packaged for sale, the evidence should not be suppressed because officers executed the warrant in good faith, as described in United States v. Leon, 468 U.S. 897 (1984). Because it has found no intentional or reckless inclusion of false statements, the Court does not reach this argument.